IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-293-MOC-DCK

| | |
|---|---|
| PAMELA FULBRIGHT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) MEMORANDUM AND ) RECOMMENDATION |
| DATASTAFF, INC. and KEITH RICKS, | ) ) |
| Defendant. | ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 14). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

Pamela Fulbright ("Plaintiff" or "Fulbright"), appearing *pro se*, initiated this action with the filing of a form "Complaint For Employment Discrimination" (Document No. 1) on June 5, 2018. The original "Complaint" named DataStaff, Inc. ("DataStaff"), Stephanie Shumate ("Shumate"), Keith Ricks ("Ricks"), and Glynda Mealer ("Mealer") as Defendants. "Defendants' Motion To Dismiss" (Document No. 6) was filed on June 27, 2018.

On June 28, 2018, Plaintiff filed an "Amended Complaint For Employment Discrimination" (Document No. 9). The "Amended Complaint" clearly names ("DataStaff") as Defendant; however, it also lists "Keith Ricks Registered Agent" along with DataStaff. (Document No. 9, p. 2). Liberally construing the Amended Complaint, the undersigned will

assume for the purposes of this "Memorandum And Recommendation" ("M&R") that Plaintiff intended to sue Ricks in his individual capacity. Id.

The "Amended Complaint" indicates that Plaintiff believes she has been discriminated against pursuant to: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.* ("ADEA"); and the Americans with Disabilities Act of 1990, 42 U.S.C. §12112 et seq., ("ADA"). (Document No. 9, p. 3). The Amended Complaint further alleges that Plaintiff was discriminated against through termination and retaliation, based on her gender/sex, age, and disability. (Document No. 9, p. 4). Plaintiff also alleges she was "denied FMLA." (Document No. 9, pp. 3-4).

Plaintiff pursued multiple actions with the U.S. Equal Employment Opportunity Commission ("EEOC"), and the Amended Complaint includes copies of two Charges Of Discrimination filed against DataStaff (Document No. 9, pp. 7-9) and two Dismissals And Notice Of Rights (Document No. 9, pp. 7-9, 13-14). See (Document No. 9, p. 3). The Charges of Discrimination were filed June 12 and 13, 2017, alleging employment discrimination on June 8 and 9, 2017. Id. The EEOC mailed the corresponding Dismissals And Notice Of Rights to Plaintiff on April 10, 2018. Id.

Defendants DataStaff and Ricks (together, "Defendants") filed the now pending "Defendants' Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 14) and a "Memorandum Of Law In Support…" (Document No. 15) on August 27, 2018. Defendants seek dismissal pursuant to Fed.R.Civ.P. 12(b)(1), (4), (5), and (6). (Document Nos. 14 and 15). The Court immediately issued a "Roseboro Notice" (Document No. 16) advising *pro se* Plaintiff that she had the right to respond to Defendants' motion, and that failure to file a timely and persuasive response would likely lead to dismissal of this lawsuit.

On September 13, 2018, Plaintiff filed a "Motion To Continue" construed as a "Motion For Extension Of Time" requesting that the Court extend her deadline to respond to a reasonable date between September 28 and October 5, 2018. (Document No. 17). The Court promptly issued an "Order" allowing Plaintiff up to and including October 3, 2018, to respond to the motion to dismiss.

On October 5, 2018, Plaintiff filed a second request for additional time to file a response, noting that she was working with counsel and that she had to care for a sick child. (Document No. 19). The Court issued an "Order" extending Plaintiff's deadline to November 2, 2018. (Document No. 20). On November 6, 2018, the Court's most recent "Order" (Document No. 20 was returned, marked "Return To Sender – Unclaimed – Unable To Forward." (Document No. 21). To date, *pro se* Plaintiff has failed to file any response to the pending motion to dismiss, and the time do so has lapsed.

The pending motion is now ripe for review and a recommendation to the Honorable Max O. Cogburn, Jr.

## II.  STANDARD OF REVIEW

Plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion

3

Case 3:18-cv-00293-MOC-DCK    Document 22    Filed 11/13/18    Page 3 of 6

to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual

4

allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendants first focus on several arguments supporting dismissal of any claims against Ricks. (Document No. 15, p. 8-13). Defendants contend that even if Plaintiff intended to include Ricks as a Defendant, she failed to effectuate service on Ricks in accordance with Fed.R.Civ.P. 5(b)(1). (Document No. 15, p. 8). Defendants also note that Ricks was not named in the EEOC Charges, and therefore, Plaintiff is precluded from pursuing a claim against him under Title VII, the ADA, or the ADEA. (Document No. 15, pp. 8-10). Moreover, Defendants argue that claims against Ricks cannot proceed here because he is not an "employer" as that term is defined under the relevant Title VII, ADEA, ADA, EPA, and FMLA statutes. (Document No. 15, pp. 10-13).

In addition, Defendants effectively argue that the Amended Complaint's claims are "factually unsupported, conclusory allegations and formulaic recitations." (Document No. 15, p. 15). As such, Defendants suggest that the Amended Complaint is fatally deficient. Id. (citing Twombly, 550 U.S. at 555). Defendants assert that Plaintiff has not plead any facts to support a claim that she was discriminated against because of her sex, age, and/or disability; nor has she adequately identified her alleged disability or the "reasonable accommodation" she contends she was denied. (Document No. 15, p. 17).

In short, the undersigned finds Defendants' arguments compelling. Moreover, Plaintiff has failed to provide a timely response/rebuttal. To the extent Plaintiff has recently expressed to the Clerk's Office staff an intention to seek additional time to file a response, the undersigned again notes that Plaintiff has already received two (2) extensions of time. See (Document Nos. 18 and

20). As explained below, if Plaintiff has objections to this "Memorandum And Recommendation," she may file such objections within fourteen (14) days.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants' Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 14) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: November 13, 2018

_____
David C. Keesler
United States Magistrate Judge