UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00293-MOC-DCK

| | | |
|---|---|---|
| PAMELA FULBRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| DATASTAFF, INC. | ) | |
| KEITH RICKS | ) | |
| STEPHANIE SHUMATE | ) | |
| GLYNDA MEALER , | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the Honorable David C. Keesler, United States Magistrate Judge, advised the parties of the right to file objections within 14 days (plus three days for service by mail inasmuch as plaintiff is proceeding *pro se*), all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

**FINDINGS AND CONCLUSIONS**

I. **Applicable Standard**

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised, and no factual issues are challenged, *de novo* review of the record may

1

be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

## II. Discussion

The Court has given careful consideration to plaintiff's objections, keeping in mind that they are authored by a pro se litigant, and has therefore read them as broadly as possible. Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). The Court agrees with the Response to the Objections that even when liberally read, the objections do not point this Court to any specific legal error or factual determination in the Memorandum and Recommendation.

First, the Court has considered plaintiff's contention that she was not given enough time to respond to the instant Motion to Dismiss. Review of the Court's docket reveals that not only did the magistrate judge provide plaintiff with guidance under Roseboro, he

2

extended her response deadline twice. Plaintiff also complains that she did not receive a copy of the second extension Order in the mail, but review of the Court's docket reveals that the Clerk of Court sent a copy to the address provided by plaintiff via Certified Mail, which was returned as unclaimed. Further, a Clerk's note indicates that on November 13, 2018, plaintiff called the Clerk of Court concerning the whereabouts of the Order on her second request, with the Deputy Clerk making the following Staff Note:

> plaintiff called inquiring about her motion for an extension of time to file response - informed plaintiff the Judge granted that order [*sic*] and it was sent via certified mail on 10/9/18 and was returned as undeliverable. Plaintiff explained she has elderly father who did not sign for it and did not inform her of it being delivered. Coming tomorrow to receive copy of order and file for another extension.

Staff Docket Entry (11/13/2018). Such inquiry was made 11 days after the deadline had expired and the same day the Memorandum and Recommendation was entered. The next day, plaintiff filed her "Motion To Set Continue Set Aside November 2, 2018 Date" (#23) (errors in the original), which the magistrate judge denied, advising plaintiff that she "may file an objection to the "Memorandum and Recommendation" (Document No. 22) explaining to the presiding District Judge why this action should not be dismissed." Order (#24). Thus, to the extent plaintiff is claiming error in not allowing her enough time to respond or in her not receiving the Court's Order allowing the second extension, such objection is overruled as the magistrate judge liberally granted the requested extensions. The fact that her father refused to accept the Certified Mail from this Court, while regrettable, is beyond the control of court personnel under the service requirements of Rule 5, Federal Rules of Civil Procedure. Further, the magistrate judge, having already issued

3

the M&R, properly advised the plaintiff to explain to the undersigned why the action should not be dismissed by way of objections. Thus, to the extent that plaintiff has asserted an objection based on time to prepare, such objection is overruled.

Turning next to the substantive objections, none of which provide the Court with any basis to disturb the recommendations of the magistrate judge or allow the case to move forward.

First, plaintiff appears to concede that she did not intend to sue defendant Keith Ricks in his individual capacity. This provides no basis for disturbing the magistrate judge's recommendation that the claims against Defendant Ricks be dismissed. The Court affirms the recommendation that the claims against Defendant Keith be dismissed.

Second, plaintiff next objects to the magistrate judge's recommendation that her Amended Complaint be dismissed for failure to state plausible facts that would support her claims under the multiple federal laws plaintiff invoked. Plaintiff now argues that she "believes, knows and has the facts" to support her claims. Objections (#25) at 1. The recommendation does not, however, recommend dismissal because plaintiff does not know the facts, rather, it recommends dismissal because she has failed to allege those facts in her Amended Complaint. Put another way, when a person accuses another person of violating a law, the person making the allegation is obligated to state the facts that inform or support the claim. This Court has gone back and reviewed the Amended Complaint and agrees with the magistrate judge that the Amended Complaint lacks factual allegations that could support a finding in plaintiff's favor. Her objections add nothing to the analysis as these critical facts remain missing. The Court will, therefore, overrule the objection and fully

affirm the magistrate judge's recommendation.

### III. Conclusion

After such careful review, the Court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law.  Further, the factual background and recitation of issues is supported by the applicable pleadings.  Based on such determinations, the Court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#22) is **AFFIRMED,** defendants' Motion to Dismiss (#14) is **GRANTED,** and this action is **DISMISSED**.

Signed: December 14, 2018

Max O. Cogburn Jr
United States District Judge