UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00293-MOC-DCK

| | | |
|---|---|---|
| **PAMELA FULBRIGHT**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DATASTAFF, INC.** | ) | |
| **KEITH RICKS** | ) | |
| **STEPHANIE SHUMATE** | ) | |
| **GLYNDA MEALER**, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on defendants' Motion for Attorneys' Fees. In accordance with Roseboro v. Garrison, 582 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding pro se, was advised of the motion by Order and given an opportunity to file a Response within 30 days of entry of the Roseboro Order. Plaintiff has not responded.

As a prevailing party under Title VII, defendants are allowed to request an award of reasonable attorney fees under 42 U.S.C. § 2000e-5(k). In addition to showing that the fees are reasonable, defendants must show the Court that plaintiff's claims were frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after the claims clearly became frivolous, unreasonable, or groundless. Christianburg Garment Co. v. EEOC, 434 U.S. 412 (1978). Even though plaintiff has failed to respond, the Court has carefully considered the record and has determined that defendants have made the necessary showing under Section 2000e-5(k).

While this Court does not favor such awards to defendants, it appears that this is precisely the type of case where the award would further the legislative purpose. The Supreme Court has

held that prevailing defendants should receive an award of fees only when plaintiff's claim was "frivolous, unreasonable, or groundless," or when "the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). Imposing a higher standard on prevailing defendants arises from a desire to avoid a chilling effect on potentially meritorious claims, but "[w]hen a court imposes fees on a plaintiff who has pressed a 'frivolous' claim, it chills nothing that is worth encouraging." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

Generally, a claim is considered frivolous if it lacks a factual basis. Id. at 1080 (holding that a district court's original award of fees was proper when "the court demonstrated that plaintiffs' § 1983 claim had no basis in fact"); cf. E.E.O.C. v. Great Steaks, Inc., 667 F.3d 510, 519 (4th Cir. 2012) (where the court found that the plaintiff's case was not frivolous, unreasonable, or groundless since it "had a factual and legal basis from start to finish"). A lack of legal basis does not by itself signify a frivolous claim, as this Court's predecessor noted that "novel, inventive legal theories" can potentially form the basis for a non-frivolous claim, particularly in a fact-intensive matter. Young v. Annarino, 123 F.Supp.2d 943, 944 (W.D.N.C. 2000). A claim may be frivolous even if it survived a motion to dismiss, as "[a]lthough in some instances a frivolous case will be quickly revealed as such, it may sometimes be necessary for defendants to 'blow away the smoke screens the plaintiffs ha[ve] thrown up' before the defendants may prevail." Introcaso v. Cunningham, 857 F.2d 965, 967 (4th Cir. 1988) (quoting Hicks v. Southern Maryland Health Systems Agency, 805 F.2d 1165, 1168 (4th Cir. 1986)); see also Spence v. Eastern Airlines, Inc., 547 F.Supp. 204 (S.D.N.Y. 1982) (awarding fees under § 1988 to defendant who won directed verdict at close of plaintiff's evidence).

If an award of legal fees is warranted, the Court undertakes a two-step analysis to determine the award. See Chaplin v. Du Pont Advance Fiber Sys., 303 F.Supp.2d 766, 775 (E.D.Va. 2004). First, the Court must ascertain what constitutes a reasonable fee for the services performed on the matter and accomplishes this by multiplying the number of hours reasonably expended on the case by the reasonable or customary hourly rate and then adjusting it based on the twelve Johnson factors. See Arnold v. Burger King Corp., 719 F.2d 63, 67 (4th Cir. 1983); Johnson v. Georgia Highway Express Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Second, when this amount has been established, the court may adjust the amount in light of mitigating factors, including plaintiff's ability to pay. Chaplin, 303 F.Supp.2d at 778. If plaintiff can afford to pay, "the congressional goal of discouraging frivolous suits weighs heavily in favor of levying the full fees." Arnold, 719 F.2d at 68 (citing Faraci v. Hickey-Freeman Co., 607 F.2d 1025, 1028 (2d Cir. 1979)).

Even if plaintiff is of modest means, he or she is not absolved of responsibility for filing a frivolous claim. Chaplin, 303 F.Supp.2d at 778 (citing Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 767 (4th Cir. 2003)); see also Cherry v. Champion International Corp., 186 F.3d 442 (4th Cir. 1999) (finding that "plaintiff's good faith, modest means, comparative lack of economic power, and the important public interest served by encouraging others in similar circumstances to pursue colorable Title VII claims" are not valid reasons to deny a prevailing defendant fees). However, forcing a plaintiff "into financial ruin simply because he prosecuted a groundless case" does not aid deterrence efforts. Arnold, 719 F.2d at 68 (citing Faraci, 607 F.2d at 1028); see also Christiansburg, 434 U.S. at 422 (holding that fee awards that disregard a losing plaintiff's financial straits would soon defeat the overarching remedial purposes of Title VII by discouraging all but the most airtight cases). As such, the court must balance these factors when assessing the amount

of an award. McGlothlin v. Murray, 54 F.Supp.2d 629, 634 (W.D. Va. 1999) ("the amount of the award must reflect the reality of plaintiff's . . . ability to pay, while still making him realize that frivolous litigation has its costs").

Clearly, plaintiff was warned well before this case was involuntarily dismissed that her claims were without merit, see defendant's Memorandum of Law (#7) at 12, but she continued to litigate this matter, filing an Amended Complaint (#9), and filing objections to the Memorandum and Recommendation (#25). This Court determined:

> Plaintiff now argues that she "believes, knows and has the facts" to support her claims. Objections (#25) at 1. The recommendation does not, however, recommend dismissal because plaintiff does not know the facts, rather, it recommends dismissal because she has failed to allege those facts in her Amended Complaint. Put another way, when a person accuses another person of violating a law, the person making the allegation is obligated to state the facts that inform or support the claim. This Court has gone back and reviewed the Amended Complaint and agrees with the magistrate judge that the Amended Complaint lacks factual allegations that could support a finding in plaintiff's favor. Her objections add nothing to the analysis as these critical facts remain missing.

Order (#27) at 4. Thus, even though plaintiff was notified that her Complaint was defective soon after it was filed, plaintiff filed an Amended Complaint that was equally unavailing as it failed to allege plausible facts that could support her Title VII allegations against defendants. Thus, defendant is entitled to an award.

Turning to the requested award, the Court has closely reviewed the affidavit of defendant's counsel and determined that both the hours and the hourly rates are reasonable under the relevant Johnson factors. See Attachment A (#29-2). In conducting such review, the Court has reviewed the filings made by defendants in this matter and compared them with the time averred in the Affidavit and reflected in the annexed invoices. Clearly, the time spent and rate charged is appropriate when considered in light of the quality of defendants' pleadings and the results

obtained. Further, the rates charged are well within the realm of reasonable rates charged for federal employment law cases. After reviewing the fee in light of the twelve <u>Johnson</u> factors, the court sees no reason to adjust the fee downward. While there was nothing especially novel or difficult about the issues raised by the case, it did require considerable research and analysis in light of the rather scattered allegations contained first in the Complaint and then in the Amended Complaint. The Memorandum in Support along with the Affidavit clearly show that these fees are customary for these cases, and the Court finds no reason to question this determination as the hourly rates for a partner, associate, and paralegal appear to be on the low end of the spectrum based on this Court's experience. Finally, the court finds that opportunity costs, attorney expectations, time limitations, the amount in controversy, experience, reputation, and ability of the attorneys, undesirability of the case, and nature and length of the relationship between attorney and client were not significant factors in this case. Thus, a total award of $13,887.50 is an appropriate award of attorneys' fees.

Now, the Court moves to the second step and determines whether to mitigate the award of fees in light of plaintiff's financial circumstances. <u>Arnold</u>, 719 F.2d at 67; <u>Chaplin</u>, 303 F.Supp.2d at 778-79. Despite being afforded an opportunity to respond, plaintiff has failed to provide this Court with any reason why she cannot pay the requested fee. Thus, the Court must consider what information is found in the record. Review of the docket reveals that plaintiff filed the Complaint and did not request *in forma pauperis* status. From this entry, the Court concludes that plaintiff had the means with which to pay the filing fee of $400 and the costs of service. The record is, therefore, devoid of any evidence that would support a reduction of what is patently a reasonable

award of attorneys' fees. Having thus considered the relevant factors for an award of fees in this matter, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion for Attorneys' Fees (#29) is **GRANTED**, and defendant is awarded its reasonable attorneys' fees in the amount of $13,887.50.

Signed: March 12, 2019

Max O. Cogburn Jr
United States District Judge